UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
**Case No. 5:99-CV-00207-R**

TINA K. FIELD                                                                                    PLAINTIFF

V.

WILLIAM B. ANDERSON                                                                     DEFENDANT

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on Plaintiffs' Motion in Limine seeking to exclude certain testimony of Defendant Dr. William B. Anderson ("Anderson") and certain entries in hospital records as hearsay. The parties conducted a telephonic hearing and this Memorandum summarizes that hearing. Plaintiff Tina K. Field ("Plaintiff") sought treatment at Trigg County Hospital after being bitten by a copperhead snake on her foot. Anderson was her treating physician. During Anderson's treatment of Plaintiff, Anderson says he made several phone calls to Vanderbilt Hospital seeking advice from a toxicologist and an emergency room physician in the proper treatment of the snakebite. The Plaintiff's hospital file contains a telephone message from a doctor at Vanderbilt returning Anderson's call and documenting that Anderson was still waiting to hear from the Vanderbilt toxicologist. Anderson claims that he spoke to both physicians, who told him that his current medical treatment of the Plaintiff's injury was appropriate. After completing the course of treatment Anderson described to the Vanderbilt physicians, he discharged Plaintiff from his care.

Plaintiff's injury worsened. After further consultation with other physicians, Plaintiff's foot and parts of Plaintiff's leg were amputated. Plaintiff claims in the present medical malpractice action that Anderson's treatment was negligent and caused her injury to lead to the extreme result of amputation.

In the original trial of this matter, Anderson's testimony that he called for the advice of Vanderbilt physicians was ruled admissible. The hospital records documenting that Anderson made calls to Vanderbilt physicians during the treatment of the Plaintiff were also admitted. Further, Anderson's testimony as to the content of the telephone calls was admitted as evidence.

1

On appeal, the Sixth Circuit Court of Appeals vacated the judgment, holding that the admission of Anderson's testimony regarding the content of his calls to Vanderbilt physicians was "classic hearsay" and was not harmless error. *Field,* 386 F.3d at 729. This Court must now determine (i) whether Anderson's testimony that he made the phone calls to Vanderbilt physicians without divulging the content of the conversations is hearsay and (ii) whether the hospital records documenting that Anderson made phone calls to Vanderbilt physicians during the course of his treatment of Plaintiff are hearsay.

## DISCUSSION

The first issue in this matter is whether Anderson's testimony that he called and spoke with physicians at Vanderbilt Medical Centerl is inadmissible hearsay. Hearsay is defined as "a statement other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." FED. R. EVID. 801(c). This issue turns on whether Anderson's phone call constitutes a statement. "A 'statement' is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion." FED. R. EVID. 801(a). Clearly, the mere making of a phone call is neither an oral nor a written assertion. We must therefore determine whether the phone call was nonverbal conduct intended by Anderson as an assertion.

"The effect of the definition of 'statement' is to exclude from the operation of the hearsay rule all evidence of conduct, verbal or nonverbal, not intended as an assertion. The key to the definition is that nothing is an assertion unless intended to be one." Notes of Advisory Committee on FED. R. EVID. 801(a). Examples of nonverbal conduct intended to be an assertion might include a thumbs-up sign or pointing a person in a direction. The actor would be trying to communicate some information to another through his action, *not his words*.

> The reasons for excluding non-assertive conduct from the hearsay rule are persuasive. A principal reason for excluding hearsay is because the veracity of the declarant cannot be tested by cross-examination. Since, in the case of non-assertive acts, the actor does not intend to make an assertion, there is a lessened risk of insincerity.

*Id.*

2

Here, Anderson was not intending to make an assertion; he merely intended to reach another doctor by telephone. Any assertion he might make in the telephone call would be later reflected in his or the Vanderbilt doctors' words during a conversation. Therefore, Anderson's testimony that he made calls to Vanderbilt doctors, without disclosing the content of those calls, is not inadmissible hearsay.

Second, this Court must determine whether the documentation of phone calls between Anderson and doctors at Vanderbilt is inadmissible hearsay. Here, the note in Plaintiff's file meets the definition of hearsay, a written statement introduced for the truth of the matter asserted. In this case, a nurse or other message taker asserted in writing that doctors at Vanderbilt Hospital were returning Anderson's calls.

Business records may be considered reliable enough to be admitted, despite meeting the definition of hearsay, because they are recorded by a person with "a duty to make an accurate record as part of a continuing job or occupation." McCormick §§ 281, 286, 287. Here, the memorandum was taken by a nurse or desk attendant who had a duty, as part of his or her job, to accurately record and deliver phone messages to treating physicians such as Anderson. The message taker made the memorandum at the time of the call. Messages and memoranda regarding treatment are recorded and retained as a regular practice in the normal operation of the hospital. If the memorandum is properly introduced, it should not be excluded as hearsay if it fits into the hearsay exception for records of regularly conducted activity.

The Rules of Evidence admit records of regularly conducted activity, whether or not it is hearsay.

> A memorandum, report, [or] record... in any form, of acts [or] events ... made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, [or] record... all as shown by the testimony of the custodian or other qualified witness... unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

FED. R. EVID. 803(6).

> The business records exception is available if the evidence to be introduced was (1) "made in the course of a regularly conducted business activity;" (2) "kept in the regular course of [ ] business;" (3) a result of a "regular practice of the business" to create the documents; and (4) "made by a person with knowledge of the transaction or from information transmitted by a person with knowledge."

*United States v. Fawaz*, 881 F.2d 259, 266 (6th Cir.1989)(quoting *Redken Labs., Inc. v. Levin*, 843 F.2d 226, 229 (6th Cir.1988)).

The only foundation requirement for introduction of a business record "is that the 'witness be familiar with the record keeping system.'" *United States v. Laster*, 258 F.3d 525, 529 (6th Cir. 2001)(quoting *United States v. Hathaway*, 798 F.2d 902 (6th Cir.1986)).

Plaintiff claims that portion of the medical file either does not meet the personal knowledge requirement of the hearsay exception for records kept in the ordinary course of business or that it was not compiled by someone who had a duty to record it in the course of business. It is clear that the message taker, as an employee of the hospital, had a duty to accurately record phone messages for Anderson. As the message taker answered the phone, he or she had personal knowledge of the message left for the doctor. Anyone with knowledge of the message-taking procedure at the hospital could introduce this memorandum.

Plaintiff contends that the message taker had no personal knowledge that the content of the message was correct: in particular, whether Anderson actually called and spoke with a doctor from Vanderbilt Emergency Room and attempted to call a toxicologist. The message taker did, however, have full knowledge about the content of the message. He or she knew that the doctor from Vanderbilt called. He or she knew that Dr. Anderson spoke on the line. He or she also knew that another call from a toxicologist was expected. The message does not reflect "assertions" which may constitute hearsay within the message; it merely chronicles events which happened and were observed by the message taker.

Plaintiff argues that the doctor at Vanderbilt had no duty to be accurate in his message to Anderson, and therefore, the regularly-kept business records hearsay exception does not apply. The Court holds, however, that the Vanderbilt doctor made no assertions in this message. He merely called. Further, the Vanderbilt doctor did not influence the accuracy of the recording made by the message taker; the message taker had as much duty as ever to take accurate records

4

as part of his or her employment with the hospital. The Plaintiff seemingly urges this Court to hold that, for the regularly-kept business records hearsay exception to apply, both the record keeper and all persons involved in the action recorded would need to be employed by the business. The Court declines, as such an interpretation would render the hearsay exception nearly ineffective, disallowing the introduction of any recorded conduct of a non-employee.

Plaintiff seeks to compare the present case to *City of Cleveland v. Cleveland Elec. Illumination Co.,* 538 F.Supp. 1227 (N.D. Ohio 1980), *aff'd* 734 F.2d 1157 (6th Cir. 1980). In that case, an electric company regularly recorded the stated reasons of customers for terminating service. The Court ruled that the stated reasons for termination were hearsay and did not fit within the hearsay exception for regularly-recorded business records. This case, however, is distinguishable from the case at bar. In *Cleveland*, a party sought to introduce an *assertion* underlying a business record the truth of the assertion. Here, Anderson seeks to introduce conduct - that two persons spoke on the phone - evidenced by a business record, not any *assertion* made during the phone call.

In sum, Plaintiffs argue that this particular memorandum should not be admitted because the recorder had no personal knowledge of the content of the conversation between Anderson and the Vanderbilt doctors. Plaintiffs also argue that the message should not be admissible under the business records act because the doctor leaving the message for Anderson had no obligation to be truthful and his statements were not reliable enough to fall within the hearsay exception. The message, however, documents merely that a phone call was made, not the content of the conversation between Anderson and another physician. The content of the message doesn't repeat any statements by a Vanderbilt doctor which are subject to hearsay reliability analysis and doesn't relate any information about statements made in a conversation between Anderson and a Vanderbilt doctor. Therefore, the message itself does not contain hearsay because it only documents nonassertive acts, not statements.

In a hearing on this matter, Plaintiff argued that this Court's admission of Anderson's testimony and the hospital file memorandum regarding phone calls should be inadmissible as irrelevant, even if it is not excluded on hearsay grounds. Plaintiff argued that the information, separated from the inadmissible opinions the Vanderbilt doctors communicated to Anderson, would add nothing to the case and would confuse the jury. Plaintiff also argues that the evidence should not be admitted because "[i]f the entire entry is permitted as evidence at trial, then Dr.

5

Anderson is permitted to suggest that a conversation took place with the unidentified physicians." Pl.'s Mot. in Limine at 5. The Court disagrees. It is not improper for the jury to hear testimony that a conversation occurred, so long as the assertions in the conversation are not disclosed.

This also appears to be in accord to the thoughts of the Appellate Court.

"The fact that a conversation took place between Dr. Anderson and the Vanderbilt physicians is not hearsay, and the simple fact that a consultation took place could have been elicited easily by Defendant's counsel without revealing the substance of the Vanderbilt physicians' responses." *Field v. Trigg County Hospital Inc.*, 387 F.3d 729, 737(6th Cir. 2004)

This was further emphasized in Judge Siler's dissent. "The majority recognizes that Dr. Anderson's testimony that he sought the advice of an emergency room doctor and toxicologist at the Vanderbilt Medical Center was properly admitted." *Field*, 387 F.3d at 741.

**IT IS SO ORDERED.**