# Jury Instructions

## *Field*

'06 OCT 27 P2:05

FILED
US DISTRICT COURT CLERK
WESTN. DIST. KENTUCKY

## *v.*

## *Anderson*

### Western District of Kentucky
### Paducah Division

# INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain the elements, or parts, of the claims in question.

You have two main duties as a juror. The first is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Plaintiffs have proven their case against the Defendant by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making

these decisions. You may consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. Then decide what testimony you believe, and how much weight you think it deserves.

The Rules of Evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. "Expert witnesses" are an exception to this rule. Witnesses, who, by education and experience, have become experts in some art, science, profession, or calling, may state their opinions as to relevant and material matters, in which they profess to be an expert, and may also state their reasons for the opinion. You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by the other evidence, you may disregard the opinion entirely.

Some of you have taken notes during the trial. An individual juror may use notes to refresh his or her memory of evidence presented at trial, but the notes should not be relied upon as definitive fact or as evidence. Juror notes have no greater weight than memory, and note-aided and non-aided memory are of equal significance. Jurors should not be influenced by another juror's notes.

Upon retiring to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. You will take these instructions to the jury room, and when you have reached a unanimous agreement, you will have your foreperson fill in, date, and sign your answers.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them

down on a piece of paper, sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

The burden is upon the Plaintiff in a civil action, such as this, to prove every essential element of each of her claims by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" simply means to prove that the claim is more likely so than not so. If the proof should fail to establish any essential element of any of Plaintiffs' claims by a preponderance of the evidence, the jury should find for the defendant as to that claim.

Your verdict or answer to any question must be unanimous. That is, all eight (8) members of the jury must agree on any answer to the question and verdict.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine you own views and change you opinion, if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

## INSTRUCTION # 1

It was the duty of Defendant William B. Anderson, M.D., to exercise the degree of care and skill expected of a reasonably competent doctor acting under similar circumstances. If you are satisfied from the evidence that William B. Anderson, M.D., failed to comply with that duty and that such failure was a substantial factor in causing injuries to Tina K. Field, you will find for Ms. Field; otherwise you will find for Dr. Anderson.

We, the jury, under this instruction find for

Plaintiff Tina K. Field          _____

Defendant William B. Anderson, M.D.    ___✓_____

If you have found for Defendant William B. Anderson, M.D., please sign and date the form below and return to the courtroom with this form without completing the other instructions. If you found for Plaintiff Tina K. Field, please sign and date the form below then continue and complete the next instruction.



Jury Foreperson

10-27-06
Date

## INSTRUCTION # 2

If you find for Plaintiff Tina K. Field, you will determine from the evidence and award her a sum or sums of money that will fairly and reasonably compensate her for such of the following damages as you believe from the evidence she has sustained as a result of Dr. Anderson's failure, if any, to comply with the duties set forth in Instruction # 1. Complete the blanks as appropriate based upon the evidence, sign and date below, then continue to the next Instruction.

A. Reasonable expenses for prosthetic devices which Tina Field has incurred, not to exceed $10,000.  $ _____

B. Expenses for medical and hospital services, rehabilitation expenses, medical supplies, and prosthetic devices which are reasonably certain to be incurred in the future.  $ _____

C. Wages or income lost from the date she reasonably should have recovered from the snake bite until the time of trial.  $ _____

D. Permanent impairment of her power to earn money.  $ _____

E. Mental and physical suffering which Ms. Field has already suffered.  $ _____

F. Mental and physical suffering which Ms. Field is reasonably certain to endure in the future.  $ _____

TOTAL:  $ _____

_____          _____
Jury Foreperson                                   Date

## INSTRUCTION # 3

If you find for Plaintiff Tina K. Field, you will determine from the evidence and award Plaintiff U.S. Department of the Army a sum or sums of money that will fairly and reasonably compensate it for reasonable expenses for medical and hospital services, rehabilitation expenses, medical supplies, and prosthetic devices which it has incurred in the treatment of Ms. Field's injuries which resulted from Dr. Anderson's failure, if any, to comply with the duties set forth in Instruction #1. Complete the blanks as appropriate based upon the evidence, sign and date below, then continue to the next Instruction.

We the jury award the United States Department of the Army the sum of $ _____ .

_____                    _____

Jury Foreperson                                                                    Date

## INSTRUCTION # 4

If you find for Plaintiff Tina K. Field, you will determine from the evidence and award Plaintiff Norman Thomas Field, Jr., a sum of money that will fairly and reasonably compensate him for whatever loss of services, assistance, aid, society, and companionship, and conjugal relationship of his wife you believe from the evidence he has sustained or is reasonably certain to sustain in the future as a direct result of Ms. Field's injuries which resulted from Dr. Anderson's failure, if any to comply with the duties set forth in Instruction #1.

We the jury award Norman Thomas Field, Jr., the sum of $ _____ .

You are now finished. Please sign and date the form below and return to the courtroom.

_____          _____
Jury Foreperson                                                                              Date